**Quangping WANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71338.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

Charles J. Kinnunen, Esq., Hagatna, GU, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donald A. Couvillon, Esq., U.S. Depart-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

ment of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM **

Quangping Wang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") order denying his application for asylum and withholding of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's order denying Wang's asylum application as untimely. *See Ramadan v. Gonzales*, 427 F.3d 1218, 1222 (9th Cir.2005) (holding that the Court lacks jurisdiction to review the agency's determination that an asylum application was not filed within one year after the last entry into the United States).

The IJ denied withholding of removal on the ground that Wang was not credible. The record does not compel a contrary conclusion. *See Chebchoub*, 257 F.3d at 1042. First, Wang's testimony regarding the nature of the injuries he inflicted upon a family planning official was internally inconsistent and inconsistent with his application. *See id.* at 1043

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(explaining that one material inconsistency can be sufficient to support an adverse credibility determination). Second, Wang's testimony regarding the nature of the injury he sustained during his arrest at a demonstration was inconsistent with his application. *See id.* The IJ adequately considered Wang's explanations regarding these discrepancies. *See Wang v. INS*, 352 F.3d 1250, 1256–57 (9th Cir.2003) (upholding IJ's determination that petitioner's explanation for inconsistency was unlikely).

In the absence of credible testimony, Wang failed to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**